IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CLENTIE SIMS REDD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-219 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Clentie Sims Redd ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

### I. BACKGROUND

At the time of the second hearing at issue on August 2, 2013, Plaintiff was a fifty-four year-old female with a twelfth-grade education that had worked as a cook. R. at 13, 17. Plaintiff protectively applied for SSI and DIB on November 17, 2008, alleging a disability

onset date of October 29, 2008. R. at ("R."), p. 211-222. The Social Security Administration denied Plaintiff's applications initially, R. at 77, 79, 82, 84, and on reconsideration, R. at 118-19. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. at 123-125, and the ALJ held a hearing on October 4, 2010, R. at 25. On January 7, 2011, the ALJ issued a partially favorable decision but the Appeals Council remanded due to legal error. R. at 108-110. The ALJ held a second hearing on June 6, 2013, R. at 44-76, where the ALJ heard testimony from Plaintiff, who was represented by a non-attorney representative, and Clarence Hewlett, a Vocational Expert ("VE"). Id. On August 2, 2013, the ALJ issued an unfavorable decision. R. at 9-19.

Applying the five-step sequential process required by 20 C.F.R. §§ 404.1520, 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since October 29, 2008, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*).

2. The claimant has the following severe impairment: Crohn's disease (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform light work[1] as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). In particular, the claimant can lift or carry up to 20 pounds occasionally and 10 pounds frequently. She can stand or walk for approximately 6 hours of an 8-hour work day and sit for approximately 6 hours of an 8-hour workday with normal breaks. The claimant is able to frequently balance but is only able to occasionally stoop, kneel, crouch, or crawl, and climbs ramps or stairs. The claimant is unable to crawl and climb ladders, ropes, or scaffolds. The claimant must avoid concentrated exposure to extreme cold and moderate exposure to hazardous machinery and unprotected heights.

5. Considering the claimant's age, education, work experience, and residual functioning capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)).

R. at 11-19.

When the Appeals Council denied Plaintiff's request for review, R. at 1-3, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal of the adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ failed to consider Plaintiff as an individual of advanced age under the grids. (See generally doc. no. 11 ("Pl.'s Br.").) The Commissioner maintains that the decision to

---

[1]"Light work" is defined as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b), 416.967(b).

3

deny Plaintiff's application is supported by substantial evidence and should therefore be affirmed. (See doc. no. 12 ("Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the

claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

**III. The Grids Do Not Apply, and the Vocational Expert's Testimony Provided Substantial Evidence to Determine that Plaintiff Could Perform Other Work in the National Economy.**

Plaintiff argues that the ALJ erred in not considering her an individual of advanced age under the grids given that her fifty-fifth birthday occurred two months after the issuance of the ALJ's opinion. (Pl.'s Br., p. 11.) The crux of Plaintiff's argument lies in the fact that if Plaintiff was considered an advanced age individual with no transferable job skills, she would be considered disabled under the grids even for sedentary work. (Pl.'s Br., p. 11.) (Id.)

If a claimant is unable to perform past relevant work, the burden shifts to the Commissioner at step five of the sequential evaluation process to show that other work is

available in significant numbers in the national economy that the claimant is able to perform. See Phillips v. Barnhart, 357 F.3d 1232, 1239 (11th Cir. 2004). In attempting to meet its burden, the Commissioner may rely upon the grids to establish that other work exists in the national economy the claimant is able to perform. Patterson v. Bowen, 799 F.2d 1455, 1458 (11th Cir.1986). "The grids are based on the claimant's residual functional capacity, age, education and work experience, and in cases where they apply, they direct a conclusion on the issue of whether the claimant is capable of performing substantial gainful activity in the national economy." Id. However, "[e]xclusive reliance on the grids is not appropriate either when [a] claimant is unable to perform a full range of work at a given functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." Walker v. Bowen, 826 F.2d 996, 1002-03 (11th Cir.1987) (quotation omitted). "When the grids are not controlling, the preferred method of demonstrating job availability is through expert vocational testimony." *Id.* at 1003.

In considering a claimant's age as a vocational factor, the SSA defines a "person closely approaching advanced age" as someone who is between the ages of 50 and 54, and a "person of advanced age" as someone 55 years old or older. 20 C.F.R. § 404.1563(d), (e). According to the grids, Table 2 applies to persons with a RFC that allows limited to light work. 20 C.F.R. pt. 404, subpt. P, app. 2, table no. 2 ("Grids"). Under Rule 202.06, a person of advanced age, who is a high school graduate or more, where that educational level does not provide for direct entry into skilled work, and who is skilled or semi-skilled in areas that are not transferable is categorized as "disabled." Grids § 202.06. A person closely

approaching advanced age, who is a high school graduate and has either transferable or nontransferable skills, is categorized as "not disabled." Grids §§ 202.14, 202.15.

Plaintiff's case is similar to Miller v. Comm'r of Soc. Sec., 241 F. App'x 631 (11th Cir. 2007). There, an individual within two months of his fifty-fifth birthday at the time of the ALJ's opinion argued that the ALJ should have considered him an individual of advanced aged under the grids. Id. at 633. The claimant further argued that if he was considered an individual of advanced age with no transferable job skills, he would have been considered disabled under Rule 202.06 of the grids, the same Rule cited by Plaintiff. (Pl.'s Br., p. 11.) There, the Eleventh Circuit held that the question was "essentially theoretical because the ALJ did not rely exclusively on the grids in making the disability determination." Miller., 241 F. App'x at 635.

Here, the ALJ did not rely upon the grids to reach a determination that Plaintiff was not disabled but rather relied on the testimony of the VE. R. at 18. The VE testified that taking into account Plaintiff's age, education, and experience, Plaintiff could perform the jobs of ticket seller, small product assembler, and mail clerk which existed in significant numbers in the national economy. R. at 18. Further, this VE testimony was given when Plaintiff was within four months of his fifty-fifth birthday and specifically took into account Plaintiff's age. R. at 71. Given that Plaintiff was unable to perform a full range of light work, the use of a VE in this case was appropriate and provides substantial evidence that a person with Plaintiff's RFC and age is not disabled. Walker, 826 F.2d at 1002-03.

Further, the solution in the case of a borderline age situation is not simply to bump Plaintiff up to the older age category and find them disabled under the grids as Plaintiff proposes. (Pl.'s Br., p. 14.) Plaintiff admits that she was fifty-four at the time of the decision, and thus, the ALJ's determination that she was an individual closely approaching advanced age was correct. See 20 C.F.R. § 404.1563(d). Under Eleventh Circuit law, if Plaintiff wishes to be placed in the older age category, she must offer credible evidence that her ability to adapt to new work was less than the presumptive level established for her age category under the grids. See Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984). However, Plaintiff, through her representative, failed to offer any offer evidence before the ALJ that she should have been placed in the advanced age category. See R. at 44-76. Further, Plaintiff offered no objection to the use of her chronological age in the hypothetical posed to the VE. R. at 71-75. Thus, the ALJ made no error in finding that the grids did not mandate a conclusion of disabled, regardless of the transferability of job skills before putting forth Plaintiff's further exertional limitations before the VE.

Because the ALJ utilized the VE's testimony in determining that Plaintiff could perform work that existed in significant numbers in the nation, the ALJ's determination at step five is supported by substantial evidence. Further, the ALJ committed no error in determining that Plaintiff was an individual approaching advanced age where Plaintiff offered no evidence that the older age category should have been used. Accordingly, the decision is supported by substantial evidence.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 8th day of January, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA